UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM NATHANIEL WASHINGTON,

    Plaintiff,

v.

J. LEWIS,

    Defendant.

No. 2:16-cv-3041-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendant J. Lewis ("defendant") violated his Eighth Amendment rights by denying his prison appeal which requested a special diet related to his peanut allergy. ECF No. 1. Plaintiff also alleges that this denial also violated his equal protection rights. *Id.* Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 16. Plaintiff has filed an opposition (ECF No. 21)[1] and defendant has filed a reply (ECF No. 22). For the reasons stated hereafter, defendant's motion to dismiss should be granted.

/////

---

[1] Plaintiff submitted an initial opposition on October 30, 2017. ECF No. 18. He then submitted a second opposition (ECF No. 21) which appears to be a copy of the original. The court has considered both filings.

1

## Background

Plaintiff alleges that, on September 23, 2015, he was seen by medical staff regarding his request for a peanut allergy special diet. ECF No. 1 at 2. He claims that, on this date, he was informed that the current dietary policy did not allow for food substitution or a special diet. *Id.*

On September 27, 2015, plaintiff submitted an inmate appeal regarding his dietary request. *Id.* On October 15, 2015, a nurse from the Health Care Appeals Office contacted plaintiff by phone. *Id.* She reiterated that no food substitutions or special diets could be given. *Id.* Plaintiff protested, stating that other dietary restrictions - like gluten-free diets – had been allowed in the past. *Id.* These protestations were unavailing.

On October 29, 2015, plaintiff's appeal received a second-level denial. *Id.* Then, on February 5, 2016, defendant issued a final denial of plaintiff's appeal. *Id.*

## Legal Standard

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d

at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

## Analysis

One focus of plaintiff's claims against Lewis is that Lewis issued a final denial of plaintiff's appeal. But the denial of a prison grievance does not itself give rise to a viable constitutional claim. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."). The Seventh Circuit has emphasized that:

> [o]nly persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

*George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (internal citations omitted). Nevertheless, a defendant may violate the constitution if he (1) knew about an ongoing or impending constitutional violation; (2) had the authority and opportunity to stop or prevent that violation; and (3) did not avail himself of that opportunity. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006).

### I. Eighth Amendment Claim

Where a plaintiff alleges that defendant was deliberately indifferent to his serious medical needs, he must show that: (1) the risk posed to him was, in objective terms, sufficiently serious; and (2) that the defendant subjectively knew of and disregarded an excessive risk to plaintiff's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834-837 (1994). In other words, a defendant "must both be aware of facts from which the inference could be drawn that a

3

substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. After review of the records attached to plaintiff's complaint, the court concludes that plaintiff has failed to allege, with sufficient particularity, that defendant was aware of (and disregarded) a risk to his health stemming from a peanut allergy. Defendant Lewis' appeal decision found that, since plaintiff's September 29, 2015 transfer to California State Prison – Solano, medical staff had seen plaintiff once a month. ECF No. 1 at 7. During that time there were no references to food-related allergies, dietary issues, or any related medical concerns. *Id.* The decision concluded with a finding that "[i]t appears California State Prison – Solano medical staff is providing medically necessary treatment for your current health care needs. Your medical condition will continue to be monitored with care provided as determined medically indicated by PCP [primary care provider]." *Id.* at 7-8. Nothing in the complaint indicates that defendant knew or should have known that these medical assessments were faulty or incomplete. Nor does plaintiff allege that defendant was ever personally involved in his direct medical care, such that he would have reason to know of any unrecorded shortcomings therein.

      To be sure, plaintiff generally alleges that defendant acted with deliberate indifference insofar as he: (1) failed to supervise his subordinates; (2) had knowledge that plaintiff was highly allergic to peanuts; and (3) had knowledge that a peanut allergy can cause significant injury or death. ECF No. 1 at 3. First, plaintiff does not explain how defendant failed to supervise his subordinates. The fact that plaintiff's providers failed to prescribe his preferred dietary treatment plan does nothing, standing alone, to put defendant on notice of any deficiencies in his care. Prisoners routinely disagree with their medical providers as to the appropriate course of treatment. It cannot be the case that, every time such a disagreement arises, supervisory medical staff are automatically implicated in any wrongdoing by those providers (assuming any wrongdoing occurred). Rather, a supervisory defendant may be held liable under § 1983 only "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

/////

/////

4

violation." *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation marks and citations omitted). Plaintiff has failed to allege facts sufficient to meet either of these prongs.[2]

Second, even if defendant was aware that plaintiff had a peanut allergy and that such allergies could be deadly, he would only be liable if he was aware that the treatment being provided for that allergy was deficient. *See Hernandez v. Schriro*, No. CV 05-2853-PHX-DGC, 2011 U.S. Dist. LEXIS 79265, 2011 WL 2910710, at *6 (D. Ariz. July 20, 2011) ("While theoretical risk is always possible, *Farmer* requires more—'conditions posing a substantial risk of serious harm.'"). Defendant relied on medical records which indicated that plaintiff had not presented his medical providers with any serious injuries or symptoms related to his allergy. And, again, even if these records were faulty or incomplete, nothing in the complaint indicates that defendant should have been aware of such faults.

The court recognizes that plaintiff also alleges that defendant implemented a policy – namely the policy of not providing food substitutions or special diets – which was violative of his constitutional rights. *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.") (internal quotations omitted). Plaintiff has failed to allege how defendant was responsible for actually implementing this policy, however. To the extent he alleges that defendant implemented this policy simply by denying his grievance, that claim fails. Inmates have no constitutional right to a specific grievance procedure and, as such, defendant did not violate plaintiff's rights even if he invoked the policy to deny plaintiff's appeal.

II. Equal Protection Claim

An equal protection claim requires a claimant to "show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class."

---

[2] To the extent that plaintiff alleges defendant was personally involved in the violation by denying his appeal, that claim is non-cognizable for the reasons explained above. *See Ramirez*, 334 F.3d at 860.

5

*Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). As defendant points out in his motion, plaintiff has failed to allege any facts indicating that defendant's decision to deny his appeal was motivated by intentional discrimination based on membership in a protected class. Plaintiff vaguely alleges that "[d]efendant Lewis is discriminatively refusing to address this allergy to peanuts . . . regardless of the fact that their (sic) are special diets prescribed or provided for: (1) vegetarians; (2) Jewish individuals; (3) Muslims; (4) no gluten." ECF No. 1 at 3. The court is not aware of any authority holding that individuals with medical dietary restrictions form a protected class. Indeed, other courts have declined to recognize such a class. *See Perkins v. Newton*, No. 14-cv-2670, 2016 U.S. Dist. LEXIS 16183, *11-13, 2016 WL 552476 (E.D.N.Y. Feb. 10, 2016) ("Plaintiff's claim, improperly asserted for the first time in his opposition, fails, because plaintiff's need for a therapeutic diet does not place him in any protected class."); *see also Ruffin v. Cichon*, 2017 U.S. Dist. LEXIS 80097, *10, 2017 WL 2296992 (D. Me., May 25, 2017) ("Plaintiff has not alleged any facts to suggest that his diet is nutritionally deficient, or that prison officials have restricted his diet based on his status as a member of a protected class. Rather, Plaintiff has expressed a disagreement with prison administration regarding the foods to which he should have access because of his diabetic condition.") *affirmed in part, rejected in part on other grounds in Ruffin v. Cichon*, 2017 U.S. Dist. LEXIS 87888 (D. Me. Jun. 8, 2017).

It is unclear if plaintiff is attempting to bring a "class of one" equal protection claim. The Ninth Circuit has explained this type of claim:

> The Equal Protection Clause ensures that all persons similarly situated should be treated alike. The equal protection guarantee protects not only groups, but individuals who would constitute a class of one. Where, as here, state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish a "class of one" equal protection claim by demonstrating that it has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Where an equal protection claim is based on selective enforcement of valid laws, a plaintiff can show that the defendants' rational basis for selectively enforcing the law is a pretext for an impermissible motive.

*Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (citations and internal quotation signals omitted). Plaintiff has not alleged, however, that he is being treated differently

from other, similarly situated individuals. Indeed, he has made no attempt to define the group to which he is similarly situated. Plaintiff does reference vegetarians, individuals on gluten free diets, and individuals on religious diets, but the court finds that plaintiff is not similarly situated to these groups. Unlike the prisoners on religious diets, plaintiff has no ideological interest in omitting or including certain foods. And plaintiff offers no detail concerning the prisoners who have been given vegetarian and gluten free diets. Thus, it is unclear if these alleged dietary modifications are ideological, medically mandated, or simply based on preference. Absent such details, the court cannot conclude whether plaintiff has stated a viable "class of one" claim.

Based on the foregoing, plaintiff's equal protection claim fails.

## Conclusion

Defendant has not consented to magistrate judge jurisdiction and, accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, IT IS hereby RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 16) be GRANTED;
2. Plaintiff's complaint be DISMISSED without prejudice; and
3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 16, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE